UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH ALEX MARTIN,<br>    Plaintiff | :<br>:<br>: |
| v. | : CIVIL NO. 1:12-CV-1230 |
| NATIONAL CHECK RECOVERY<br>SERVICES, LLC,<br>    Defendant | :<br>:<br>:<br>: |

*M E M O R A N D U M*

*I.     Introduction*

We are considering a motion for default judgment.  (Doc. 15).  On June 27, 2012, Plaintiff filed a complaint alleging that Defendant violated various sections of the Fair Debt Collection Practices Act.  (Doc. 1).  We granted him leave to proceed *in forma pauperis*, and pursuant to our order dated October 29, 2015, United States Marshals served Defendant with the complaint on or about December 3, 2015.  (Doc. 5; Doc. 9).  On May 17, 2016, finding that Defendant failed to appear and that Plaintiff had not filed for default judgment, we ordered the parties to provide a status update.  (Doc. 12).  Only Plaintiff responded to our order.  (Doc. 13).  On June 6, 2016, Plaintiff filed a motion for entry of default pursuant to Federal Rule of Civil Procedure 55(a), see (Doc. 14), which the clerk subsequently entered on July 8, 2016.  (Doc. 16).  At the same time, Plaintiff filed the instant motion for default judgment.  (Doc. 15).

*II.     Discussion*

The decision to render default judgment rests in the discretion of the court. Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987). Generally, when considering whether default judgment is appropriate, a court must consider three factors: (1) whether the plaintiff will be prejudiced if the default is denied; (2) whether the defendant has a meritorious defense; and (3) whether the default was the product of the defendant's culpable conduct. United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984). If the defendant fails to appear, however, a court need not consider these factors and "is authorized to enter a default judgment based solely on the fact that the default occurred." Anchorage Assocs. v. Virgin Islands Bd. of Tax Review, 922 F.2d 168, 177 n.9 (3d Cir. 1990). Here, because Defendant has failed to appear, we decline to analyze the factors and find that entry of default judgment is appropriate.

A finding that default judgment is appropriate, however, is not the end of the inquiry. Upon the entry of default, Defendant concedes the well-pleaded facts in Plaintiff's complaint. 10A Charles Alan Wright et al., Federal Practice and Procedure § 2688 (3d ed. 2006). Thus, we accept all factual allegations in the complaint as true, except those relating to the amount of damages. Comdyne I, Inc. v. Corbin, 908 F.3d 1142, 1149 (3d Cir. 1990). But a default does not constitute an admission of liability or establish conclusions of law. Degen v. Bunce, No. 93-5674, 1995 WL 120483 at *2 (E.D. Pa. March 13, 1995). Thus, "it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action." Wright et al., supra, at § 2688.

Here, Plaintiff's complaint alleges that Defendant's representatives called him to collect a debt and refused to identify themselves or the company for whom they

worked. It also states that while inquiring about Defendant's contact information, Defendant's employees disconnected the line, breathed heavily into the phone for several minutes, and engaged in other harassing behavior. These allegations, taken as true, state a legitimate cause of action pursuant to the Fair Debt Collection Practices Act. See 15 U.S.C. § 1692(d)(1), (5).

That leaves the question of damages. In his motion, Plaintiff asks us to award him $1,000 in statutory damages. See 15 U.S.C. § 1692k(a)(2)(A). Although Plaintiff's prayer is for a sum uncertain, see id. (permitting statutory damages up to $1,000); DirecTV, Inc. v. Chorba, No. 3:CV-03-0843, 2005 WL 3095067 at * 1 (M.D. Pa. Nov. 18, 2005) (holding that statutory damages are not a sum certain because the court has discretion with respect to the amount of damages), we find that a hearing pursuant to Federal Rule of Civil Procedure 55(b)(2) is not necessary to determine that a $1,000 in statutory damages is warranted. Rhino Assocs. v. Berg Mfg. & Sales Corp., 531 F. Supp. 2d 652, 657 (M.D. Pa. 2007) (stating that hearing on damages is discretionary, not required).

III.     Conclusion

For the reasons discussed above, we will grant Plaintiff's motion for default judgment. Judgment will be entered against Defendant in the amount of §1,000. We will issue an appropriate order.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge